United States District Court
Southern District of Texas
ENTERED
November 10, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BLAISE NANDOUMABE NODJITOLOUM, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-09229 |
| | § | |
| MARTIN FRINK, | § | |
| | § | |
| Respondent. | § | |

## ORDER OF DISMISSAL

The petitioner, Blaise Nandoumabe Nodjitoloum, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Petitioner has filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his ongoing detention after an Immigration Judge ("IJ") denied bond, finding him to be a danger to society. Doc. No. 1 at 11.

The Court may dismiss a habeas petition on the pleadings "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (authorizing preliminary review and summary dismissal of habeas petitions on the pleadings).[1]

[1] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

The petition reflects that Petitioner previously was granted a bond hearing and was found to be a danger to society. *See* Doc. No. 1 at 11. His pleadings in the instant case reflect that he disagrees with the Immigration Judge's decision regarding bond. *See id.*

The Court lacks jurisdiction to review the decision of the IJ regarding the finding that the petitioner is a danger to society. "No court may set aside any action or decision . . . under this section regarding . . . the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). Courts therefore have no jurisdiction to consider a discretionary decision to deny release on bond. *See Bustamante v. Mukasey*, 286 F. App'x 239, 240 (5th Cir. 2008); *Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737 (S.D. Tex. 2025).

In addition, to the extent that the petitioner also argues that his continued detention violates due process, his claims are foreclosed by *Sosnava Rodriguez v. Vergara*, --- F.4th ----, No. 26-50183, 2026 WL 3181188, at *9 (5th Cir. Oct. 23, 2026) (*en banc*).

Accordingly, the Court **ORDERS** as follows:

1. The petition for a writ of habeas corpus (Doc. No. 1) is **DENIED.**
2. All other pending motions, if any, are **DENIED as MOOT**.
3. This case is **DISMISSED**.

SIGNED this 10th day of November 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE